UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. MONACO, JR., | No. 2:13-cv-464-TLN-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEVE MOORE, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action as premature because petitioner's criminal charges are still pending in the San Joaquin County Superior Court. ECF No. 16. For the reasons stated below, the court recommends that the motion be granted.

    This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

Petitioner commenced this action on March 7, 2013. ECF No. 1. He alleges that he is confined to the San Joaquin County Jail. *Id.* He appears to be seeking habeas relief on the ground that provisions of California's "Three Strikes" law violate his right to equal protection under the Fourteenth Amendment. *Id.* In response to questions on the form petition regarding the "judgment of conviction under attack," petitioner responded "N/A." *Id.* He also explained that he had not yet appealed from the "adverse action" challenged in his petition because he "is still awaiting trial." *Id.*

Section 2254 provides a remedy for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). It is apparent from the petition that petitioner is not in custody pursuant to a state court judgment, but rather, as a pretrial detainee awaiting trial. Petitioner contends that he satisfies the requirements of section 2254 because he was on parole, stemming from a 2007 conviction, when he filed his petition. ECF No. 20. However, petitioner's status as a parolee is irrelevant given that his petition does not challenge his 2007 conviction or the conditions of his parole.

Respondent notes that on March 28, 2013, the People filed a Second Amended information in the San Joaquin County Superior Court charging petitioner with second degree robbery and grand theft of personal property. ECF No. 19, Lodged Doc. 1. It also alleged petitioner had five prior strike offenses, five prior serious felony offenses, four prior prison terms for violent felony offenses, and a prior prison term. *Id.* Respondent represents that as of July 18, 2013, when he moved to dismiss, those charges were still pending. ECF No. 16 at 2.

To the extent petitioner intends to challenge application of the Three Strikes law to any sentence imposed in the event he is convicted of the charges in the Second Amended Information, his challenge is barred by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. *Id.* at 49, 53. *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610,

1 613 (9th Cir. 2000).  All three of these criteria are satisfied here.  Petitioner is awaiting trial on
2 criminal charges in San Joaquin County Superior Court.  Without question, California has "an
3 important interest in passing upon and correcting violations of a defendant's rights."  *Roberts v.*
4 *Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003).  And third, the California state courts
5 provide an adequate forum in which petitioner may pursue his claims related to any future
6 conviction or sentence.  *See id.*

7      For these reasons, IT IS HEREBY RECOMMENDED that respondent's motion (ECF No.
8 16) be granted and that the petition be dismissed, without prejudice, as premature.  *See* 28 U.S.C.
9 § 2254(a); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a
10 court should dismiss the action).

11      These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
18 his objections petitioner may address whether a certificate of appealability should issue in the
19 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
20 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
21 enters a final order adverse to the applicant).

22 Dated: February 10, 2014.

23                  EDMUND F. BRENNAN
24                  UNITED STATES MAGISTRATE JUDGE